UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERT COUNCE,

    Plaintiff,

    v.         CAUSE NO.: 3:20-CV-72-RLM-MGG

WEXFORD MEDICAL SERVICES INC,
et al.,

    Defendants.

## OPINION AND ORDER

Albert Counce, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint,[1] Mr. Counce alleges that Wexford Medical Services and Administrator Hufford have provided him inadequate treatment for hepatitis C since 2019. According to Mr. Counce, merely monitoring his condition is insufficient, and the defendants have refused his requests for medication to cure the condition. To establish a claim such as this, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." Id. Absent an

---

[1] The court has considered the exhibits attached to the complaint, which are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

2

unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." Johnson v. Cook Cty., 526 F. App'x 692, 695 (7th Cir. 2013). Mr. Counce alleges that Wexford's policy or practice of providing inadequate treatment of inmates with hepatitis C resulted in a violation of his Eighth Amendment rights. Based on these allegations, he may proceed on a claim for money damages against Wexford.

Though Mr. Counce also names Administrator Hufford as a defendant, the complaint indicates that Administrator Hufford's role was limited to preparing a response to Mr. Counce's grievance after reviewing medical records. "[T]he alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). Mr. Counce can't proceed on a claim against Administrator Hufford.

Mr. Counce also seeks preliminary and permanent injunctions to obtain proper treatment for hepatitis C. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, any injunctive relief will be limited to ordering correctional staff or medical staff to accommodate his physical limitations as required by the Eighth Amendment. See Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). The Warden of the Westville Correctional Facility

3

has both the authority and the responsibility to ensure that Mr. Counce receives the medical care to which he is entitled under the Eighth Amendment. See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will allow Mr. Counce to proceed against the Warden in his official capacity on an injunctive relief claim and will order the Warden to respond to the request for a preliminary injunction.

As a final matter, the court is aware that settlement regarding injunctive relief has been reached in a class action between the Indiana Department of Correction and the inmates in its custody regarding direct acting antiviral medications for hepatitis C in Stafford v. Carter, 1:17-cv-289 (S.D. Ind. dismissed Jan. 2, 2020). In the response to the request for the preliminary injunction, the Warden should address whether this settlement agreement applies to Mr. Counce and, if so, whether his treatment complies with it.

For these reasons, the court:

(1) GRANTS Albert Counce leave to proceed on a claim for money damages against Wexford Medical Services for maintaining a policy or practice of providing inadequate treatment to inmates with hepatitis C that has resulted in a violation of his rights under the Eighth Amendment;

(2) DIRECTS the clerk to add the Warden of Westville Correctional Facility as a defendant in his official capacity;

(3) GRANTS Albert Counce leave to proceed on a claim of injunctive relief against the Warden of the Westville Correctional Facility in his official capacity to obtain medical care for hepatitis C as required by the Eighth Amendment;

4

(4) DISMISSES Administrator Hufford;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Wexford Medical Services at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Wexford Medical Services and the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Albert Counce has been granted leave to proceed in this screening order; and

(9) ORDERS the Warden of the Westville Correctional Facility to file a response by <u>March 10, 2020</u>, to the request for a preliminary injunction.

SO ORDERED on January 27, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
