UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERT COUNCE,

    Plaintiff,

v.     CAUSE NO.: 3:20-CV-72-RLM-MGG

WEXFORD MEDICAL SERVICES INC, et al.,

    Defendants.

OPINION AND ORDER

Albert Counce, a prisoner without a lawyer, filed a complaint that included a request for a preliminary injunction and permanent injunction seeking medical care for hepatitis C to the extent required by the Eighth Amendment. The Warden responds that the doctrine of res judicata bars Mr. Counce from litigating an injunctive relief claim in this court. He explains that a class action settlement has been reached between the Indiana Department of Correction and classes of afflicted inmates on the distribution direct acting antiviral medications for hepatitis C in Stafford v. Carter, 1:17-cv-289 (S.D. Ind., dismissed Jan. 2, 2020).

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc., 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is

granted; and (4) the injunction will not harm the public interest." Joelner v. Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004).

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Barr v. Bd. of Trustees of W. Illinois Univ., 796 F.3d 837, 839 (7th Cir. 2015) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980). In assessing *res judicata* arguments, courts consider the following factors: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies." Kalwitz v. Kalwitz, 934 N.E.2d 741, 750 (Ind. Ct. App. 2010).

Upon review of Stafford, the court finds that the doctrine of res judicata applies to Mr. Counce's claims for injunctive relief. Further, the Southern District of Indiana has retained jurisdiction over Stafford to enforce the settlement agreement or to reopen the case for a resolution on the merits. Consequently, if Mr. Counce takes issue with the settlement agreement or if departmental officials are not complying with it, he must challenge it in that court. Because Mr. Counce can't succeed on the merits of his claims for injunctive relief in this case, the court denies the request for a preliminary injunction. The court also dismisses the claim for permanent injunctive relief because it, too, is barred by doctrine of res judicata, though Mr. Counce may proceed on his claim for money damages against Wexford Medical Services.

For these reasons, the court:

(1) DENIES the request for a preliminary injunction (ECF 2);

(2) DISMISSES the claim for injunctive relief against the Warden of the Westville Correctional Facility; and

(3) DISMISSES the Warden of the Westville Correctional Facility.

SO ORDERED on March 31, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT